UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-CV-25197-KMW

ANDRES GOMEZ,

    Plaintiff,

v.

NEXTGENHOTELS, LLC (possibly f/k/a
Nextgen Motels, LLC) and GALLERIA
FLORIDA RESORTS, LLC (collectively d/b/a
Galleria Palms and/or Galleria Palms
Hotel and/or Galleria Florida Resorts),

    Defendant.
_____/

## JOINT MOTION FOR ENTRY OF CONSENT DECREE

Plaintiff, ANDRES GOMEZ ("Plaintiff"), and Defendants NEXTGENHOTELS, LLC and GALLERIA FLORIDA RESORTS, LLC (collectively "Defendants"), by and through their undersigned counsel, jointly move for entry of a consent decree, and in support, state as follows:

**I.**     **Background**

Plaintiff asserts a single claim in this action for alleged barriers to access under Title III of the ADA. Since the inception of this case, both Plaintiff and Defendant have had the opportunity to assess Defendant's hotel and reservations system and the information provided with respect to accessibility features at the subject premises, a hotel located at 3000 Maingate Lane, Kissimmee, Osceola County, Florida 34747 (the "Premises").

To avoid continued litigation, to provide the parties with some degree of certainty as to what steps Defendant should take to increase accessibility of the website and accessibility-related information must be listed on Defendants' website (and what is not), and to provide an effective mechanism for addressing any maintenance issues that may arise without the need for future litigation, the parties request entry of the attached consent decree.

If approved and entered by the Court, the proposed consent decree provides clear directives as to what compliance measures are required. This, in turn, furthers the purposes of the ADA (by providing barrier removal) while avoiding unnecessary litigation. The parties have separately resolved the issue of attorneys and expert fees and costs.

As an alternative to entry of the consent decree, the parties request that the court approve the proposed remedial plan as a condition of the dismissal of this matter.

Both parties were represented by counsel in the development of this plan, and both parties had the opportunity to evaluate the accessibility-related issues on the website. The remediation plan, which is below, represents a good faith determination of the steps needed to make the reservations system more usable and informative to disabled patrons.

## II. The Proposed Remediation Plan

The parties propose that, within the next 36 months, Defendant swill engage in the following multi-step accessibility plan:

1. Within six (6) months from the execution date of this Settlement Agreement (the "Effective Date"), Defendants shall include an Accessibility Notice on the Website providing a method for patrons to contact the hotel regarding accessibility questions.

2. Within six (6) months from the Effective Date, Defendants shall update the reservation system on its Website, as well as the information it provides in person or through any telephonic reservation system, to indicate whether Defendants' hotel provides:

3. Accessible on-site parking

4. Accessible public entrance and path of travel throughout the facility

5. Accessible route and entrances to hotel facilities including pool and breakfast area

6. An ADA pool chair lift

7. Accessible public areas and including registration and breakfast area

8. Ramps from the site arrival points

9. Elevator to guest room floors

10. Fire alarms with audible and visual notification devices

11. TVs with closed caption features

12. Accessible guest rooms with mobility features, including doors with a minimum 32-inch-wide opening, bathrooms with a roll-in shower or tub, grab bars in bathroom/tub/shower, visual emergency devices, closed caption televisions, accessible chair, accessible locks and peephole on door

13. Guest rooms with communication features, including a hearing impaired guest kit available at the front desk

14. Audible and visual alarm notification devices

15. Audible and visual smoke detection devices

16. Reserved accessible guest rooms held and blocked.

17. Within Thirty Six (36) months of the Effective Date, the Defendants shall use Reasonable Efforts to ensure that the Website substantially conforms to the Web Content Accessibility Guidelines 2.0, using the Level AA Success Criteria ("WCAG 2.0 AA"), or to any other standard subsequently advanced to W3C Recommendation or established by law or regulation, in such a manner so that the core operations of the Website will be accessible to persons with disabilities as set forth herein. Once the Website is brought up to this standard, Defendants shall also use Reasonable Efforts to maintain the Website according to the standard set forth in this Paragraph both during and subsequent to the Thirty Six (36) month period set forth in this Paragraph.  The requirements set forth in this Paragraph shall not apply if the Eleventh Circuit, the DOJ, or the Supreme Court determine, at any point, that the standard set forth in this Paragraph is not required by the ADA and/or determine that a lesser standard applies. In such a case, the lesser standard shall apply and not the standard set forth in this Paragraph.

18. Defendants shall not be responsible for ensuring that third party content or plug-ins that are not owned or controlled by Defendants, but are otherwise located on the Website or linked to/from the Website, are accessible, provide specific access information, or otherwise substantially conform to WCAG 2.0 or any other standard subsequently advanced to W3C Recommendation or established by law or regulation.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement and remediation plan during negotiations.  All Parties were counseled and represented by their respective attorneys and any relevant experts they sought to confer with and they believe it is

reasonable and appropriate.

### III. Conclusion

The Parties jointly request that this Court approve the Parties' remediation plan and request that the Court enter a consent decree, as attached hereto, adopting and ordering the implementation of the remediation plan.

Dated: April 22, 2019

Respectfully submitted,

By: _s/Anthony J. Perez_
  Anthony J. Perez, Esq.
  E-mail: *ajperez@lawgmp.com*
  Secondary E-mails: *ajperezlaw@gmail.com*
  and *mpomares@lawgmp.com*
  GARCIA-MENOCAL & PEREZ, P.L.
  4937 S.W. 74th Court
  Miami, FL 33155
  Telephone: (305) 553-3464
  Facsimile: (305) 553-3031

  *Attorneys for Plaintiff*

By: _s/Mendy Halberstam_
  Mendy Halberstam, Esq.
  E-mail: *mendy.halberstam@jacksonlewis.com*
  Edwin Cruz, Esq.
  E-mail: *edwin.cruz@jacksonlewis.com*
  JACKSON LEWIS P.C.
  One Biscayne Tower, Suite 3500
  Two South Biscayne Boulevard
  Miami, Florida 33131
  Telephone: (305) 577-7604
  Facsimile: (305) 373-4466

  *Attorneys for Defendants*

4846-1079-5912, v. 1