UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-CV-25197-KMW

ANDRES GOMEZ,

    Plaintiff,

v.

NEXTGENHOTELS, LLC (possibly f/k/a
Nextgen Motels, LLC) and GALLERIA
FLORIDA RESORTS, LLC (collectively d/b/a
Galleria Palms and/or Galleria Palms
Hotel and/or Galleria Florida Resorts),

    Defendants.
_____/

## CONSENT DECREE

1.     This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff, ANDRES GOMEZ ("Plaintiff"), and Defendants NEXTGENHOTELS, LLC and GALLERIA FLORIDA RESORTS, LLC (collectively "Defendants"). Plaintiff and Defendants shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2.     Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.     Plaintiff filed this lawsuit in the United States District Court for the Southern District of Florida (the "Action"). Plaintiff alleged that Defendants' hotel at 3000 Maingate Lane, Kissimmee, Osceola County, Florida 34747 (the "Premises") and its reservations

CASE NO.: 18-CV-25197-KMW

system/website (mobile and regular versions) at www.gphkissimmee.com (the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and related state laws.

4. Defendants denied that various barriers alleged by Plaintiff either existed, do exist, or were barriers for which remediation is required under the ADA. Defendants did agree that some barriers to access did exist and has agreed to remediate those barriers subject to the terms below. By entry into this Consent Decree, Defendants does not admit any wrongdoing for purposes of any other action or proceeding, or with respect to any barrier it has not acknowledged.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. This Consent Decree is entered into by the Plaintiff, individually, as well as Defendants.

**JURISDICTION**

7. Plaintiff alleges that Defendants are private entities that owns and/or operate the Premises and the Website.

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

**AGREED RESOLUTION**

9. Plaintiff and Defendants agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any

CASE NO.: 18-CV-25197-KMW

issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## **DEFINITIONS**

10. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendants' position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendants have used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 19 through 25 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendants to undertake efforts whose cost, difficulty or impact on Defendants' operations could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the subject Website - as though Defendants' website-related operations is a standalone business entity - or which could result in a fundamental alteration in the manner in which Defendants operate the Premises and Website or the primary functions related thereto, or which could result in a loss of revenue at the Premises or from the Website.

12. The term "including" shall mean "including but not limited to."

13. The term "Defendants" shall include Nextgenhotels, LLC and Galleria Florida Resorts, LLC, as well as its parent entities, subsidiaries, divisions, tenants, landlords, managers, reservation system operators, predecessors, successors and assigns, as well as the successor and predecessor property and website owners and operators.

14. The term "Premises" shall mean Defendants' hotel located at 3000 Maingate Lane, Kissimmee, Osceola County, Florida 34747. The "Website" shall mean the

3

CASE NO.: 18-CV-25197-KMW

regular and mobile versions of www.gphkissimmee.com and any related website operated by Defendants in connection with the Premises.

## TERM

15. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for Thirty Six (36) months from the Effective Date.

## GENERAL NONDISCRIMINATION REQUIREMENTS

16. Pursuant to the terms of, and as otherwise set forth in this Consent Decree, Defendants:

 a. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website by updating the Website according to the terms herein; and

 b. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of their disability due to the lack of listing of accessibility features on its Website.

## WEBSITE ACCESSIBILITY EFFORTS

17. Web Accessibility Conformance Timeline: Defendants shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and provided such DOJ regulations or guidance contains compliance dates and/or deadlines further in the future than the dates set forth herein:

CASE NO.: 18-CV-25197-KMW

a. Within six (6) months from the Effective Date, Defendants shall include an Accessibility Notice on the Website providing a method for patrons to contact the hotel regarding accessibility questions.

b. Within six (6) months from the Effective Date, Defendants shall update the reservation system on its Website, as well as the information it provides in person or through any telephonic reservation system, to indicate whether Defendants' hotel provides:

    i) Accessible on-site parking

    ii) Accessible public entrance and path of travel throughout the facility

    iii) Accessible route and entrances to hotel facilities including pool and breakfast area

    iv) An ADA pool chair lift

    v) Accessible public areas and including registration and breakfast area

    vi) Ramps from the site arrival points

    vii) Elevator to guest room floors

    viii) Fire alarms with audible and visual notification devices

    ix) TVs with closed caption features

    x) Accessible guest rooms with mobility features, including doors with a minimum 32-inch-wide opening, bathrooms with a roll-in shower or tub, grab bars in bathroom/tub/shower, visual emergency devices, closed caption televisions, accessible chair, accessible locks and peephole on door

    xi) Guest rooms with communication features, including a hearing impaired guest kit available at the front desk

    xii) Audible and visual alarm notification devices

    xiii) Audible and visual smoke detection devices

    xiv) Reserved accessible guest rooms held and blocked.

CASE NO.: 18-CV-25197-KMW

  c. Within Thirty Six (36) months of the Effective Date, the Defendants shall use Reasonable Efforts to ensure that the Website substantially conforms to the Web Content Accessibility Guidelines 2.0, using the Level AA Success Criteria ("WCAG 2.0 AA"), or to any other standard subsequently advanced to W3C Recommendation or established by law or regulation, in such a manner so that the core operations of the Website will be accessible to persons with disabilities as set forth herein. Once the Website is brought up to this standard, Defendants shall also use Reasonable Efforts to maintain the Website according to the standard set forth in this Paragraph both during and subsequent to the Thirty Six (36) month period set forth in this Paragraph.  The requirements set forth in this Paragraph shall not apply if the Eleventh Circuit, the DOJ, or the Supreme Court determine, at any point, that the standard set forth in this Paragraph is not required by the ADA and/or determine that a lesser standard applies. In such a case, the lesser standard shall apply and not the standard set forth in this Paragraph.

  d. Defendants shall not be responsible for ensuring that third party content or plug-ins that are not owned or controlled by Defendants, but are otherwise located on the Website or linked to/from the Website, are accessible, provide specific access information, or otherwise substantially conform to WCAG 2.0 or any other standard subsequently advanced to W3C Recommendation or established by law or regulation

### SPECIFIC RELIEF TO PARTIES

18. Specific Relief: The Plaintiff and the Defendants have agreed to settle all matters relating to costs, attorneys' fees, experts' fees, other financial matters of either party, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") which shall not be part of this Consent Decree.

CASE NO.: 18-CV-25197-KMW

## **PROCEDURES IN THE EVENT OF DISPUTES**

19. The procedures set forth in Paragraphs 20 through 24 must be exhausted in the event that (i) Plaintiff alleges that Defendants have failed to meet their obligations pursuant to this Consent Decree; or (ii) Plaintiff alleges that Defendants have failed to meet its obligations under the ADA as to any other element of Defendants' Premises, Website, or their operations not already covered by Paragraph 17 above; or (ii) Defendants alleges that there is a criteria of the ADA with which they cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendants or right to bring a cause of action against Defendants or to seek relief from the Court, in connection with such allegations, until the following procedures have been exhausted.

20. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the specific alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the specific remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendants in writing after the dates for compliance set forth herein if Plaintiff believes that the Website or the reservations system is in any way not compliant with this Consent Decree, and Plaintiff also must provide Defendants with a Website Analysis Report, or comparable document, detailing what items or barriers relating to Defendants' Premises, Website, or their operations Plaintiff asserts must be corrected or remediated. Defendants will notify Plaintiff in writing if they believe there is a criteria of this Consent

Decree with which they cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 25.

21. Within thirty (30) days of either Party receiving notice as described in Paragraph 20, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

22. If the issue remains unresolved within fifteen (15) days of the meeting referenced in Paragraph 21, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility expert with substantial experience in accessible website and/or reservations system design (as applicable to the specific alleged barrier) who will evaluate the particular item(s) raised based on whether a person who has a disability and, if the issue relates to screen reader usage, uses screen reader software and has average screen reader competency ("person with a visual impairment who has average screen reader competency"), can adequately utilize the Website and/or can adequately determine the accessibility features of the Premises upon visiting the Website.

23. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular material item(s) cannot be accomplished by a person with a disability and/or a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendants fail to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than sixty (60) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using

CASE NO.: 18-CV-25197-KMW

Reasonable Efforts to remedy the items found not to be usable is longer than sixty (60) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable or visible cannot be remedied using Reasonable Efforts, Defendants shall not be obligated to remedy that item.

24. Any of the time periods set forth in Paragraphs 20 through 23 may be reasonably extended by mutual agreement of the Parties for a period of up to 30 days.

25. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

| | |
|---|---|
| For Plaintiff: | Anthony J. Perez, Esq.<br>GARCIA-MENOCAL & PEREZ, P.L.<br>4937 S.W. 74th Court<br>Miami, FL 33155<br>E-mail: ajperez@lawgmp.com |
| For Defendants: | Mendy Halberstam, Esq.<br>JACKSON LEWIS P.C.<br>Two South Biscayne Boulevard, Suite 3500<br>Miami, FL 33131<br>E-mail: mendy.halberstam@jacksonlewis.com |

## MODIFICATION

26. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

27. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Florida.

CASE NO.: 18-CV-25197-KMW

28. This Consent Decree contains the entire agreement of the Plaintiff and the Defendants concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

29. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

30. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of Defendants (as defined above) as well as all persons with a disability as defined by the ADA, and specifically to those with mobility or visual impairments, which disabled persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall follow the dispute resolution provisions herein should they seek to enforce any provision of this Consent Decree.

31. Plaintiff and Defendants agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraph 3. To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the party is no longer required to maintain such a litigation hold.

CASE NO.: 18-CV-25197-KMW

Nothing in this paragraph relieves any party of any other obligations imposed by this Consent Decree.

32. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendants to this Consent Decree.

33. In the event Defendants, or either of them, no longer have any ownership, leasehold, or property interest in the Premises or Website, or if the Website or Premises is closed by Defendants or no longer operates as a Hotel, all obligations and responsibilities of Defendants, as set forth herein, shall cease upon the sale or transfer of ownership of the Premises or Website, termination of the lease agreement, or closure of the Website or Premises as a hotel.

### CONSENT DECREE HAS BEEN READ

34. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel, and did in fact consult with their counsel, prior to executing the Consent Decree.

**ANDRES GOMEZ**

Dated: 4/22/2019       By: _/s/ Andres Gomez_

**NEXTGENHOTELS, LLC**

Dated: _____  By: _____

Its: _____

**GALLERIA FLORIDA RESORTS, LLC**

Dated: _____  By: _____

Its: _____

11

CASE NO.: 18-CV-25197-KMW

Nothing in this paragraph relieves any party of any other obligations imposed by this Consent Decree.

32. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendants to this Consent Decree.

33. In the event Defendants, or either of them, no longer have any ownership, leasehold, or property interest in the Premises or Website, or if the Website or Premises is closed by Defendants or no longer operates as a Hotel, all obligations and responsibilities of Defendants, as set forth herein, shall cease upon the sale or transfer of ownership of the Premises or Website, termination of the lease agreement, or closure of the Website or Premises as a hotel.

**CONSENT DECREE HAS BEEN READ**

34. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel, and did in fact consult with their counsel, prior to executing the Consent Decree.

**ANDRES GOMEZ**

Dated: _____  By: _____

  NEXTGENHOTELS, LLC

Dated: 4/17/19  By: *gene verett*

  Its: Gene Verett CEO

  **GALLERIA FLORIDA RESORTS, LLC**

Dated: 4/17/19  By: *gene verett*

  Its: Member

11

CASE NO.: 18-CV-25197-KMW

APPROVED AS TO FORM AND CONTENT:

Plaintiff's Counsel

Dated: 4/22/2019

By: _____
Anthony J. Perez, Esq.

GARCIA-MENOCAL & PEREZ, P.L.

Dated: 4/22/2019

By: _____
Anthony J. Perez, Esq.
4937 S.W. 74th Court
Miami, FL 33155
E-mail: ajperez@lawgmp.com

Defendants' Counsel

Dated: 4/22/19

By: _____
Mendy Halberstam, Esq.

JACKSON LEWIS, P.C.

Dated: 4/22/19

By: _____
Mendy Halberstam, Esq.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131
mendy.halberstam@jacksonlewis.com

12

CASE NO.: 18-CV-25197-KMW

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, finds as follows:

1) This Court has personal jurisdiction over Plaintiff and Defendants for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendants; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint, with respect to the Subject Premises and its operations (including the Website and reservations system). Res judicata and collateral estoppel shall apply to each and every such claim, matter, and issue so that the Plaintiff is barred from again litigating such claims, matters, and issues.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at Miami, FL this 25 day of April, 2019.

Cc: Counsel of record via CM/ECF

UNITED STATES DISTRICT JUDGE
Kathleen M. Williams

4843-5299-8292, v. 2